UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


JOAN BAUGH,                                                    Civil No. 3:08-1237-HU

    Plaintiff,

    v.                                                         ORDER

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.

---

HAGGERTY, District Judge:

    Magistrate Judge Hubel has issued a Findings and Recommendation [28] in this action. The Magistrate Judge recommends granting in part plaintiff's request for attorney fees. The Magistrate Judge recommends awarding plaintiff's counsel $8,593.81 in fees pursuant to 42 U.S.C. § 406(b) less the $5,000.00 already awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

    Plaintiff's counsel, Tim Wilborn, filed Objections [30] and [31] to the Findings and Recommendation and requested that this court award him $17,187.63 in fees. The tenor and content of counsel's objections are offensive and inappropriate. Counsel's criticisms misinterpret the Findings and Recommendation and betray an ignorance of the judicial process as practiced in

1 -- ORDER

this District.  More importantly, counsel's personal attacks on the professionalism of the Magistrate Judge and his staff manifest a disrespect for the court that falls woefully short of the standards and guidelines contained in Local Rule 83-7(a)-(b), and in this court's Statement of Professionalism.

This court's power to sanction attorneys for violations of local rules and to rein in abusive conduct is both inherent, and legislatively derived from the court's authority to promulgate rules. *Zambrano v. City of Tustin*,  885 F.2d 1473, 1478-79 (9th Cir. 1989); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).  The court's "[i]nherent powers derive from the absolute need of a trial judge to maintain order and preserve the dignity of the court."  *Zambrano*, 885 F.2d at 1478 (citing *Cooke v. United States*, 267 U.S. 517, 539 (1925)).  Before a trial court can sanction a miscreant attorney, a finding of bad faith is typically required.  *Id*.  Here, the court makes such a finding as there is no benign explanation for counsel's unprofessional and disrespectful criticisms.

In fashioning an appropriate sanction for counsel's behavior, this court must ensure that the Federal Rules of Civil Procedure and federal law are not violated, and there "must be a close connection between the sanctionable conduct and the need to preserve the integrity of the court docket."  *Zambrano*, 885 F.2d at 1480.  The sanction "must also be consistent with principles of right and justice."  *Id.* (quotation and citation omitted).  Because counsel's offensive objections were filed in pursuit of attorney fees, it would appear appropriate to deny fees altogether.  However, "any sanction must be proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power," and this court has a responsibility to consider the utility of more moderate penalties.  *Id*.  Accordingly, rather than denying fees altogether, this court strikes the offensive documents from the record, proceeds as if counsel had filed no

2 -- ORDER

objections, and as an additional sanction, limits counsel's award to that recommended by the Magistrate Judge. *Ready Transp.*, 627 F.3d at 404-05 (recognizing the district court's ability to both craft appropriate sanctions and strike documents from the record).

The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). Because no timely objections remain on the record, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation of the Magistrate.[1] *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974).

No clear error appears on the face of the record. Accordingly, this court adopts the Findings and Recommendation. Plaintiff's Motion for Attorney Fees [25] is GRANTED IN PART. Plaintiff's counsel is awarded $8,593.81 in § 406(b) fees, less $5,000.00 in EAJA fees.

IT IS SO ORDERED.

DATED this 5th day of October, 2011.

                                               /s/ Ancer L. Haggerty
                                               Ancer L. Haggerty
                                               United States District Judge

---

[1] The court acknowledges that a *de novo* review of the Findings and Recommendation may have possibly warranted an adjustment in the fee award, had counsel presented his objections in a professional manner. However, in light of the sanctions imposed, this court declines to adjust counsel's fee award.

3 -- ORDER